JEFF
2452 FERMAN ST.
UPLAND, CALIFORNIA
[ 91784 ]

**JEFF SCOTT GILMOUR,**
Plaintiff,
v.
**CITY OF UPLAND, UPLAND POLICE DEPARTMENT, BANK OF AMERICA,**
**and DOES 1–10, inclusive,**
Defendants.



FEE PAID

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**
[42 U.S.C. § 1983 – Civil Rights]

ED CV 25 - 00967-AB(JC)

1. JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), as this action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

2. VENUE

Venue is proper in this District under 28 U.S.C. § 1391(b), as all events giving rise to these claims occurred within this district and defendants reside in this district.

3. PARTIES

Plaintiff Jeff Scott Gilmour is a resident of Upland, California. Defendants include the City of Upland, Upland Police Department, Bank of America, and DOE defendants 1–10, who are employees or agents of the aforementioned institutions and whose identities are not yet known.

4. STATEMENT OF FACTS

Plaintiff gifted his son a $5,000 check from the family business, All Style Design. His son deposited the check at Bank of America. The bank accepted it, allowed the withdrawal, then closed the account the following business day.

After difficulties with several bank employees, Plaintiff reached the branch manager, Melanie, who agreed that the closure was improper. Melanie herself filed a complaint on behalf of Plaintiff and advised him to return in 3–5 business days.

On the fifth business day, Plaintiff entered the bank and was told Melanie was on the phone. He waited approximately 25 minutes. Without warning, Upland Police Department officers arrived, consulted staff in the back, and then approached Plaintiff.

Officer Ruston approached and aggressively demanded

identification. Plaintiff asked why, and Ruston claimed it was 'the law' and that he was conducting an investigation. Plaintiff asserted his right not to identify without cause. Ruston threatened jail for delay. Plaintiff, believing it was a bluff, held out his hands and said 'Let's go, take me to jail.' Ruston then deescalated and attempted conversation. Dialogue continued in a hostile and defensive manner.
A Bank of America employee falsely accused Plaintiff of harassing clients and workers, though no such evidence exists. Plaintiff requested a supervisor. Officer Ramos arrived. A supervisor was requested but never appeared. Plaintiff eventually, under duress, gave his name and date of birth. Ruston left, returned, and said Plaintiff was 'free to go.' As Plaintiff returned to his van, Ruston followed, activated emergency lights, and initiated a traffic stop on the freeway ramp at Mountain Avenue.
Plaintiff exited with hands visible, holding his valid driver's license. Ruston approached with a firearm drawn, knocked the license from Plaintiff's hand, and tried to forcibly enter the van. Plaintiff locked the door.
Ruston went to the passenger side and opened the door. Officer Ramos stood nearby with a taser pointed at Plaintiff's face. Plaintiff calmly exited and declared he was not resisting. Upon mentioning he had a knife in his pocket, Ruston accused him of reaching for it—an untrue claim. Officers violently restrained Plaintiff, slamming him into the door, hyperextending his shoulder, and injuring his ribs. He was placed in a hot police car for approximately 40 minutes. Ruston later asked to search the van, though it had already been opened.
Plaintiff refused, yet officers searched anyway, claiming to find a rifle improperly stored, despite the area being a locked container. Ruston stated 'this is going to the DA.'
At the hospital, Plaintiff questioned the stop. Ruston vaguely replied 'it's all together.' Plaintiff asked what the charges were and was told 'obstruction and resisting.' When Plaintiff asked if he resisted, Ruston said 'no.'
Plaintiff was booked, coerced into fingerprinting and signing documents without explanation, and denied access to a judge. Though told he'd be released in a few hours, he remained in custody for approximately 24 hours.
Plaintiff suffered serious pain for months, including difficulty sleeping and ongoing therapy for shoulder and rib

injuries. He experiences severe anxiety upon seeing police and fears retaliation.

Community members learned of the incident, adding to Plaintiff's emotional distress. Plaintiff submitted a $6.9 million claim to Carl Warren & Company, hired by the City of Upland. A letter was received stating a 45-day review period.

Carl Warren & Company failed to respond after 45 day review.

## 5. CLAIMS

1. Violation of Civil Rights – 42 U.S.C. § 1983 (False Arrest and Excessive Force)
2. Violation of First Amendment – Retaliation for Filing Prior Complaint
3. False Imprisonment
4. Unlawful Search and Seizure – Fourth Amendment
5. Violation of California Civil Code § 52.1 – Bane Act
6. Negligence – Failure to Train and Supervise

## 6. REQUEST FOR RELIEF

7. Award general and special damages in an amount to be proven at trial;
8. Award punitive damages against the individual officers involved;
9. Grant injunctive relief to require new civil rights training and disciplinary measures within the Upland Police Department;
10. Award costs of suit and attorney's fees under 42 U.S.C. § 1988;
11. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,
Jeff Scott Gilmour
Upland, California 91784
Phone: 626-255-2583
Email: lesswaves@yahoo.com